JOHN F. BILYEU, Plaintiff and Appellant, v. STATE EM-
PLOYEES' RETIREMENT SYSTEM, Claimant and
Appellant.

620

Oren, McCartney & Sells, Leland M. Edman and Donald E. Oren for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and William J. Power, Deputy Attorney General, for Claimant and Appellant.

WHITE, J.—Both plaintiff, John F. Bilyeu, and claimant, the State Employees' Retirement System, appeal from an order of the trial court allowing the retirement system a lien against a judgment obtained by plaintiff for personal injuries caused by the negligence of a third party. The lien was allowed for benefits paid plaintiff by the retirement system, of which plaintiff is a member.

Plaintiff, a state highway patrolman, was injured in the line of duty. He commenced the instant action against the negligent tortfeasor and recovered a judgment of $62,271.11. He also applied for and received industrial disability benefits pursuant to section 4800 of the Labor Code, and the State Compensation Insurance Fund filed a claim of lien for the amount of those benefits. (See Lab. Code, § 3856.) Plaintiff

further applied for and was granted a disability retirement of $253.84 per month from the retirement system. The board of administration of the retirement system filed, in the instant action, pursuant to Government Code, sections 21451 et seq., notice of lien. After judgment was obtained by plaintiff the trial court allowed both the lien filed by the State Compensation Insurance Fund in the amount of $17,670.51, and the lien of the retirement system in an amount equivalent to the sum then already paid plaintiff pursuant to his disability retirement, $5,076.80. The retirement system claims, however, that it is entitled to a lien in the amount of $52,476.06, the actuarial equivalent of the benefits for which it became obligated to pay because of plaintiff's disability retirement. Plaintiff claims that the retirement system is not entitled to a lien in any amount, or that in any event it is entitled only to a lien in a reduced amount as hereinafter appears. The propriety of the lien filed by the State Compensation Insurance Fund is conceded and has not been placed in issue.

Authority for the creation of the State Employees' Retirement Act is found in our Constitution, article IV, section 22a, which provides as follows: ''The Legislature shall have power to provide for the payment of retirement salaries to employees of the State who shall qualify therefor by service in the work of the State as provided by law. The Legislature shall have power to fix and from time to time change the requirements and conditions for retirement which shall include a minimum period of service, a minimum attained age and minimum contribution of funds by such employees and such other conditions as the Legislature may prescribe, subject to the power of the Legislature to prescribe lesser requirements for retirement because of disability.''

Pursuant to the aforesaid authority vested in it the Legislature has provided for retirement by the State Employees' Retirement Law. (Gov. Code, §§ 20000 et seq.) It has provided for the subrogation of members' claims in section 21451, which states: ''If benefits are payable under this part because of an injury to or the death of a member and such injury or death is the proximate consequence of the act of a person other than his employer (the State or the employing contracting agency), the board may on behalf of this system recover from such person an amount which is the actuarial equivalent of the benefits which are provided by contributions of the State or contracting agency and for which this system is liable because

of such injury or death." It is provided in section 21453 of the Government Code that the proper agency, on behalf of the retirement system, may ". . . commence and prosecute actions, file liens, or intervene in court proceedings all in the same manner and to the same extent, provided in Chapter 5, Part 1, Division 4 of the Labor Code, for the state fund or employer, except that such recovery shall not be made from benefits payable under this part because of such injury or death. . . ." In section 21454 of the Government Code it is provided that "Any amount recovered by way of subrogation by the employer, workmen's compensation insurer or this system shall be applied first to the amounts which the employer or its insurer has paid or become obligated to pay. The balance of the amount recovered shall be paid by this system to the fund out of which the compensation of the injured or deceased member was paid. . . ."

It is at once manifest that the Legislature has provided, through the enactment of these provisions, for the recovery by the retirement system of the actuarial equivalent of benefits paid and payable to plaintiff (§ 21451), for the filing of a lien or intervening in a court proceeding to recover the amount of the actuarial equivalent (§ 21453), for the disbursement of that sum first to replenish amounts already paid or for which there is an existing obligation to pay, and for the payment of the balance to the fund from which plaintiff is compensated (§ 21454). If such enactments are deemed to be valid and proper legislation, then they constitute, with other provisions, the terms of plaintiff's contract of employment with the state agency by which he was employed. (*Wallace* v. *City of Fresno,* 42 Cal.2d 180 [265 P.2d 884] ; *Kern* v. *City of Long Beach,* 29 Cal.2d 848 [179 P.2d 799] ; *Abbott* v. *City of Los Angeles,* 178 Cal.App.2d 204 [3 Cal.Rptr. 127].) Plaintiff has, in legal effect, agreed that the retirement system may recover the actuarial equivalent of its loss due to his disability retirement, from a judgment recovered from the third party who negligently caused plaintiff's injuries and thus imposed the burden of the disability retirement payments on the retirement system. The right of such a recovery must be deemed to have been bargained for by the retirement system and to have determined, in part, the payments which both plaintiff and his employer were required to pay into the system in order to provide the disability retirement payments. No claim is made that the right of recovery was not equitably bargained for and

as a matter of contract law plaintiff cannot now be heard to complain.

 Plaintiff contends, however, that the subrogation provisions deny him the equal protection of the laws and are otherwise unconstitutional. The claim of discrimination arises from the fact that the Legislature has not included all state employees, particularly legislators and judges, within a single act, but has provided for different and, plaintiff contends, more advantageous terms to such other employees. There is no constitutional requirement of uniform treatment, but only that there be a reasonable basis for each classification. In *Sacramento Mun. Util. Dist.* v. *Pacific Gas & Elec. Co.*, 20 Cal.2d 684 [128 P.2d 529], we said at page 693: ''Wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute; the decision of the Legislature as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous. [Citations.] A distinction in legislation is not arbitrary if any set of facts reasonably can be conceived that would sustain it.'' (See also *State of California* v. *Industrial Acc. Com.*, 48 Cal.2d 365, 371 [310 P.2d 7].)

 Legislators and judges differ in many substantial respects from other state employees. They are constitutional officers, generally elected for relatively short terms, instead of being hired for indefinite periods with protection from arbitrary dismissal by the Civil Service Act. There is also a vast difference in the number of legislators and judges as compared to state employees generally. There is a difference in ages, and for that reason, as well as because of the nature of the work involved, the risk differs. There is a legitimate difference in the inducements which the state may or must hold out in order to obtain qualified personnel. Such distinctions and others justify differences in the amount of contribution to as well as benefits to be received from a retirement system. In any event it cannot be said that the classifications established pursuant to article IV, section 22a of the Constitution are arbitrary and therefore unconstitutional. (See *Blumenthal* v. *Board of Medical Examiners*, 57 Cal.2d 228, 233 [18 Cal.Rptr. 501, 368 P.2d 101]; *City of Walnut Creek* v. *Silveira*, 47 Cal.2d 804, 811 [306 P.2d 453].)

 Plaintiff also argues that the subrogation provisions impair the obligation of contract. But there have been no

changes in the statutory provisions affecting his retirement benefits since his employment and, as we have heretofore pointed out, the employment contract provided for the very recovery which the retirement system here seeks to establish.

Plaintiff next contends that the subrogation provisions constitute an unlawful assignment of a personal cause of action arising from a tortious injury. There are policy reasons why such assignments have not, in other instances, been permitted, but there is no constitutional prohibition which would prevent the Legislature from expressing a different policy and authorizing the instant assignment to a public agency. The very authority on which plaintiff relies in support of his contention, *Fifield Manor* v. *Finston*, 54 Cal.2d 632 [7 Cal.Rptr. 377, 354 P.2d 1073], states at pages 639 and 640: "Plaintiff has not cited to us any case in the California courts where a right of subrogation to a cause of action for tortious injury to the person has been recognized, *except in cases where such right of subrogation has been expressly granted by statute.* The Legislature where it has desired to give a right of subrogation in such cases, has done so in express language: . . . Government Code, section 21451, giving the State Retirement System a cause of action against a person causing a member's injury or death, to recover the actuarial equivalent of the benefits for which the system is liable because of such injury or death. . . ." (Emphasis added.)

Plaintiff also contends that article IV, section 22a of the Constitution does not authorize the legislative requirement that a disabled member of the retirement system make additional contributions after he has become unable to work. However, the lien on plaintiff's judgment for moneys which the retirement system is paying him for the same disability is manifestly not an additional contribution, but instead a reimbursement.

Plaintiff's final contention, based on statutory construction and constitutional grounds, is that if there is to be any subrogation it must be limited to the payments accrued up to the time of the entry of the judgment against the third party tortfeasor, and that in no event can it reach those portions of the judgment attributable to pain and suffering.

The constitutional basis upon which plaintiff predicates his challenge in this regard is not clear and as we view it, lacks substance. Manifestly it cannot be based on forfeiture because, as hereinbefore determined, the recovery by the retirement

system was a bargained for consideration in the event the system became obligated for disability payments. Nor are there equitable reasons why the retirement system cannot assert its right. It is true that like any insurer it may profit in the event of plaintiff's and his spouse's early demise. But on the other hand it may lose in the event either or both enjoy a long life. Plaintiff is now 32 years of age. In 15 years he will have received from the retirement system an amount greater than the amount lienable by the system. In a short time thereafter he will have received an additional amount greater than his contributions to the retirement system and the system will be obligated for continuing payments to him or in a lesser amount to his spouse should she survive him. Such considerations, however, have all been resolved in the determination of the actuarial equivalent to which the retirement system is entitled under the contract of employment. The retirement system will be unable to recover that amount, however, as the judgment herein is insufficient to satisfy the lien.

Plaintiff has thus failed to demonstrate any sound constitutional basis upon which the lien of the retirement system must be limited to those amounts paid or obligated to be paid to him or in his behalf at the time of the judgment.

The further contention that the Legislature, apart from any constitutional limitation or restriction, intended to limit the lien of the retirement system to those amounts actually advanced at the time of the judgment is likewise without merit. It is based upon the provision contained in section 21453 of the Government Code that certain agencies in behalf of the retirement system may ". . . commence and prosecute actions, file liens, or intervene in court proceedings all in the same manner and to the same extent, provided in Chapter 5, Part 1, Division 4 of the Labor Code, for the state fund or employer. . . ." A similar reference is contained in section 21452 of the Government Code. The Labor Code provisions to which reference is made contain sections 3851 through 3864, inclusive, and deal with subrogation by an employer of claims which an employee may have against third parties. Provision is made for survival of actions after death of an employee (§ 3851); employee's actions against third persons (§ 3852); notice to the other when actions are commenced by either employer or employee and joinder of actions (§ 3853); recovery by an employer in the amount for which

he has become obligated, and payment over of any excess judgment to the employee (§ 3854); proof of an employer's damages in an action by an employee (§ 3855); reimbursement of an employer out of a judgment obtained by an employee, employer's lien for compensation paid, and attorneys' fees (§ 3856, § 3857); relief of employer from further compensation up to balance of employee's judgment above employer's lien (§ 3858); releases and settlements (§ 3859); notices of releases and settlements and employer's lien applicable to settlement (§ 3860); credit of amount of recovery by employee against employer's liability (§ 3861); employer's entitlement to writ of execution (§ 3862); no impairment of employee-attorney contract of employment (§ 3863); employer's liability as to third person (§ 3864). As noted an employer may be reimbursed from any recovery based on an employee's claim for the employer's expenses and attorney fees in perfecting such claim, and for compensation which has been paid to the employee. As to the balance of sums recovered section 3861 provides that the commission shall allow the employer a credit against his liability for future compensation due the employee.

It is contended that the Government Code provisions require construction and that such construction was intended to be supplied by the Labor Code provisions to which reference is made in the Government Code. Thus, it is claimed, the retirement system is entitled to its lien in the amount of $5,076.80 and the balance of the actuarial equivalent of $52,476.06 is recoverable by the retirement system only as a credit to be offset against future compensation payments as they fall due.

There are several reasons why the plaintiff's contention must fail. In the first place section 21454 of the Government Code has expressly directed the disposition of the amounts recoverable. After providing for the reimbursement for current obligations the section further provides: "The balance of the amount recovered shall be paid by this system to the fund out of which the compensation of the injured or deceased member was paid. . . ." The specific direction of section 21454 of the Government Code must be deemed to control over the general direction contained in section 21453 to the effect that recovery should be made in the manner and to the extent provided in the Labor Code provisions. (*Neuwald* v. *Brock,* 12 Cal.2d 662, 669 [86 P.2d 1047]; *Rose* v. *State of California,* 19 Cal.2d 713, 723 [123 P.2d 505].) Nor do we believe that

section 21453 contains a direction that the Labor Code provisions are determinative of the *disposition* to be made of amounts recoverable. It is stated therein that the proper agency may "`. . . commence and prosecute actions, file liens,` or *intervene in court proceedings* all in the same manner and to the same extent" as provided in the Labor Code provisions. (Emphasis added.) These matters relate only to the manner in and the extent to which remedial action is to be taken. No reference is made in section 21543 to the effect that the Labor Code provisions are to be resorted to in order to determine the disposition of the funds, once recovered. That direction is set forth in the immediately following section of the Government Code. ▮ Moreover, it is expressly provided in section 21451 of the Government Code that the retirement system is to recover "an amount which is the actuarial equivalent of the benefits" for which the system becomes liable. This connotes a sum of money which, when in the hands of the retirement system and the balances therefrom are properly invested, would produce the equivalent of the total probable compensation payable to plaintiff and his spouse based upon actuarial tables. If the retirement system is to receive this sum by installments each month it would never receive an "actuarial" equivalent even though it eventually received the whole sum, because it would never have sufficient possession and control of the fund to permit the contemplated usage thereof. Furthermore, in the event of the plaintiff's and his spouse's early demise the retirement system would never receive the total amount of money which, in its possession initially, would have constituted the "actuarial equivalent."

From the foregoing it is manifest that the Legislature intended that the lien of the retirement system extend to the full amount of the judgment not otherwise allocated to proper and stated purposes. Only by such a construction can we give meaning to each of the pertinent provisions of the Government Code, and to those provisions of the Labor Code to the extent to which they are applicable. "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] Moreover, 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' [Citation.] If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the

legislative purpose. [Citation.] Such purpose will not be sacrificed to a literal construction of any part of the act. [Citation.]'' (*Select Base Materials, Inc.* v. *Board of Equalization,* 51 Cal.2d 640, 645 [335 P.2d 672].)

The further contention that at least those portions of the judgment attributable to pain and suffering are not recoverable by the retirement system is likewise without legal basis. Although it does not appear that the precise contention has been previously made and resolved, we nevertheless are bound by our holding in an analogous and indistinguishable situation. In *Jacobsen* v. *Industrial Acc. Com.* (1931) 212 Cal. 440 [299 P. 66], an employer sought to assert its lien for workmen's compensation benefits against a judgment obtained by an employee against a third person. The applicable statute provided in part: ''The court shall, on application, allow as a first lien against any judgment recovered by the employee the amount of the employer's expenditures for compensation.'' (Stats. 1917, p. 879.) The court in that case held that the employer had waived its right to its lien. It also noted that in any event the lien would not extend to the elements of a judgment attributable to pain and suffering, and further stated at page 449 that the difficulties of segregating the elements of the employee's recovery ''might well call for further legislative action on the subject.'' Such further legislation was not long in coming. Later in the same year the applicable statutory law was amended to provide that the lien attached to the ''entire amount'' of a judgment ''for any damages.'' (Lab. Code, § 3856; Stats. 1931, ch. 1119, pp. 2370-2371.) Thereafter in *Heaton* v. *Kerlan* (1946) 27 Cal.2d 716, 723 [166 P.2d 857], we stated: ''Under the statute as amended, it is clear that the employer's lien attaches to the entire judgment and that it is no longer necessary to segregate the part thereof that represents damages for pain and suffering. (*Pacific Gas & Elec. Co.* v. *Industrial Acc. Com.,* 8 Cal.App.2d 499, 504 [47 P.2d 783].)'' While the foregoing cases are concerned with workmen's compensation as provided for in the Labor Code, nevertheless, as we have seen, the ''manner'' and ''extent'' to which the retirement system may assert its lien is provided for in the same sections of the Labor Code. (Gov. Code, §§ 21452, 21453.)

For the foregoing reasons the order herein should be, and hereby is reversed and the cause remanded to the court below with directions to take further evidence if deemed necessary

upon which to make a finding as to the amount of actuarial equivalent of the lien of the retirement system, and for the entry of an order thereupon for the retirement system. The parties will bear their respective costs on appeal.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., and Tobriner, J., concurred.

PETERS, J., concurring.—Under existing law the main opinion is sound. The Legislature has spoken, and, under the facts, the determination is conclusive. But I feel impelled to call to the attention of the Legislature that the policy it has adopted may lead, and in the instant case has led, to inequitable results.

This plaintiff, a state employee, was injured in the course of his employment as a result of the negligence of a third person. He suffered serious and permanent injuries, and also suffered a substantial amount of pain and suffering. He brought a tort action against the third person, and, purely as a result of his efforts, recovered a $62,000 judgment for such injuries, including, presumably, a substantial award for pain and suffering. He received workmen's compensation and was compelled to retire because of his disability. He received and will receive retirement benefits. Because of the provisions of the Government Code referred to in the main opinion, the liens of the compensation carrier and of the State Employees' Retirement System will entirely consume the $62,000 judgment. As a result, plaintiff will receive no benefit at all from his tort action against the tortfeasor. He will receive not one penny for his pain and suffering. So far as he is concerned, he should never have filed the tort action. In the future, there will be no inducement for state employees in the position of plaintiff to file such actions. This result would not seem to be in accord with sound public policy. But it is what the Legislature has now provided. I suggest that the problem involved requires further legislative study in order to determine whether or not the obvious injustices of the present law should be alleviated by proper legislative action.