[Civ. No. 7120.   Fourth Dist.   Sept. 24, 1963.]

LOUIS PELLER et al., Plaintiffs and Respondents, v. LIBERTY MUTUAL FIRE INSURANCE COMPANY, Defendant and Appellant.

Virgil R. Wells and W. Walter Livingston for Defendant and Appellant.

Chandler & Armstrong and Joseph A. Armstrong for Plaintiffs and Respondents.

STONE, J.*—This is an appeal from a judgment on the pleadings in an action for declaratory relief.

Appellant insurance company issued each plaintiff-respondent identical automobile owner's insurance policies. They contain the following provision by which the company agreed: "(1) To pay all reasonable expenses incurred within one year from the date of accident for medical services."

However, in connection with the payment of said medical services, the policies further provided, under the heading of "Subrogation," that: "In the event of any payment under the medical expense coverage of this policy, the company shall be subrogated to all the right of recovery, therefor,

---

*Assigned by Chairman of Judicial Council.

which the injured person or anyone receiving such payment may have against any person or organization and such person shall execute and deliver instruments and papers and do whatever is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights.''

Respondents were injured, and incurred medical expenses which appellant refused to pay unless and until each respondent assigned to appellant his right of recovery to the extent of said payments.

In their declaratory relief action, respondents alleged that the subrogation provisions are invalid, illegal and against public policy, and that the insurance company refuses to make payments for medical expense coverage unless and until each insured enters into a subrogation agreement and assigns his right of recovery for personal injury to insurer to the extent of any medical expense payments.

Pursuant to a motion for judgment on the pleadings, the trial court held the subrogation provisions of the policy invalid and contrary to the long established rule of common law that causes of action arising out of personal injuries are unassignable.

Appellant contends the right to subrogation in this instance is distinguishable from an assignment in that it constitutes indemnity. The distinction is purely verbal in that the legal effect of the policy provisions is the same regardless of what term is attached to the procedure, since the result is to transfer the insured's cause of action against a third party tortfeasor, to the insurer.

A persuasive argument can be made that the reasons for holding the common law rule that choses in action for personal injuries arising in tort are unassignable, are obsolete and no longer applicable to reimbursement of medical and hospital expenses. These special damages, unlike general damages, are certain, or can be made certain, for the purposes of subrogation. It is particularly significant that protection against fortuitous losses by indemnity insurance was unknown when this common law rule evolved, while today such insurance serves a beneficial social and economic purpose. As Mr. Justice Traynor observed in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], a reevaluation of a given common law rule in the light of present conditions may disclose that it is anachronistic. But, as we understand Justice Traynor's reasoning, such a

reevaluation can result in judicial abrogation of the rule only when the common law is purely decisional in origin and application. Such is not the case here, since the Legislature has approved the common law rule against assignment of choses in action based upon injury to the person.

In *Fifield Manor* v. *Finston*, 54 Cal.2d 632 [7 Cal.Rptr. 377, 354 P.2d 1073], the Supreme Court pointed out that the Legislature enacted Civil Code section 954 providing for the assignment of a thing in action arising out of a violation of a property right, but by Civil Code section 956[1] expressly provided against the assignability of causes of action arising out of personal injuries.

Since the Legislature has recognized the common law rule against the assignability of causes of action arising out of personal injuries, any change in the rule must be by legislative action. The Supreme Court said, at page 639 of *Fifield*: "Plaintiff has not cited to us any case in the California courts where a right of subrogation to a cause of action for tortious injury to the person has been recognized, except in cases where such right of subrogation has been expressly granted by statute. The Legislature where it has desired to give a right of subrogation in such cases, has done so in express language:...."

The foregoing language in *Fifield* was recently approved by the Supreme Court in *Bilyeu* v. *State Employees' Retirement System*, 58 Cal.2d 618, 624 [24 Cal.Rptr. 562, 375 P.2d 442].

If an insurance company is to be allowed the right to indemnify itself by subrogation of the insured's right to press a claim arising out of personal injuries, against a third party tortfeasor, that right must emanate from legislative action and not from court-made law.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 20, 1963.

---

[1]Civil Code section 956 has been repealed since the *Fifield* case and reenacted as Probate Code section 573, using substantially the same language as former Civil Code section 956.