263 So.2d 149

**ALABAMA FARM BUREAU MUTUAL CAS-
UALTY INSURANCE COMPANY,
Inc., a Corporation**

v.

**Floyd ANDERSON, Sr.**

**8 Div. 45.**

Court of Civil Appeals of Alabama.

March 8, 1972.

Rehearing Denied March 29, 1972.

Camp, Page, Williams & Spurrier, Huntsville, for appellant.

Martinson, Manning & Martinson, Huntsville, for appellee.

Albert W. Copeland and Richard H. Gill, Montgomery, amici curiae in behalf of Floyd Anderson, Sr., appellee.

THAGARD, Presiding Judge.

Under the medical payments coverage of an automobile liability policy appellee sued and recovered a judgment for $1000.00 against appellant for medical expenses incurred by him in the treatment of injuries sustained by his minor son while riding in an automobile of one Velma Farrior and being driven at the time by one Michael R. Overman. The Farrior automobile was insured against personal liability but not against medical expenses incurred by the driver or passengers. From the judgment appellant brings this appeal.

Before suing on his own policy appellee obtained and collected the proceeds of a judgment against Michael Overman in the amount of $2927.25 for medical expenses and loss of services.

The trial was had without a jury upon an agreed statement of facts. Appellant admitted that the policy sued upon was in full force and effect; that it provided for medical coverage up to $1000.00; and that the injured son of appellee, who was a relative of the named insured and resided in the same household, was insured under the medical payments clause, but pleaded the subrogation provision of the policy in defense of the claim. The proceeds of the $2927.25 judgment theretofore obtained

Rives, Peterson, Pettus, Conway & Burge, Birmingham, amicus curiae in behalf of State Farm Mutual Automobile Ins. Co.

against Overman exceeded appellee's son's medical expenses by about $900.00.

The medical payments coverage of the policy was set out in Coverage C–1 thereof. The subrogation clause relied upon by appellant reads:

"4. Subrogation

"Upon payment under Coverages C and C–1 of this policy the Company shall be subrogated to the extent of such payment *to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery which the injured person or anyone receiving such payment may have* against any person or organization and such person shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. Such person shall do nothing after loss to prejudice such rights." (Emphasis supplied)

Appellant assigns as error the finding of the issues and the entering of the judgment against the defendant and in favor of the plaintiff.

The issue before us is the validity, vel non, in Alabama of subrogation clauses in substantially the language and meaning of the one before us when made applicable to the medical coverage provisions of automobile liability policies. The parties agree that the issue had not before been tried in the appellate courts of the state. We have the benefit of excellent briefs furnished by the parties' attorneys and also *amicus curiae* briefs furnished by highly skilled advocates of both sides of the issue.

The question of the validity of subrogation provisions, not only in automobile policies but under group medical and hospitalization policies, has been decided in at least 25 jurisdictions. According to our count the score is about 4 against their validity and about 21 in favor. The holdings in cases denying effect to subrogation clauses in medical coverage policies have been based for the most part upon the premises that they either (1) attempt an assignment of a cause of action for personal injuries [Arizona, California, Georgia and Missouri], or (2) constitute the splitting of an indivisible cause of action in tort [Oklahoma].

In Peller v. Liberty Mut. Fire Ins. Co., 220 Cal.App.2d 610, 34 Cal.Rptr. 41 (1963), the court observed that the effect of the subrogation provision was to transfer the insured's cause of action against a third party tort-feasor to the insurer. Since the state legislature had codified the common law rule against assignability of causes of action arising out of personal injuries, the court felt compelled to hold the subrogation clause invalid. The court did suggest that such a common law rule should not apply, but decided that any change must come from the legislature.

But in Block v. California Physicians' Service, 244 Cal.App.2d 266, 53 Cal.Rptr. 51, which was a suit upon a medical expense policy, the indemnity of which was made subject to a requirement that the recipient of any payment thereunder must make reimbursement upon collection of damages, and a lien was reserved upon proceeds, the same court held that these contractual provisions did not directly or indirectly effect a transfer of any cause of action and found the clause was not contrary to statutory or case authority nor to public policy of California, and further said:

"While he has a right to seek to be made whole, it is unfair for him to seek enrichment by double recovery which would result from retention of all proceeds of the settlement of his suit against Gray and of all medical and hospital benefits paid to him by defendant Service under its agreement—for the same injuries—all eventually at the cost of the participating members of the plan." (53 Cal.Rptr. 55)

Summaries of some additional cases holding subrogation in medical policies invalid follow:

A statute prohibiting assignment of claims for personal injuries was decisive in Wrightsman v. Hardware Dealers Mut. Fire Ins. Co., 113 Ga.App. 306, 147 S.E.2d 860.

In Travelers Indem. Co. v. Chumbley, 394 S.W.2d 418 (Mo.Ct.App.1965), the insurer argued that medical expenses are a special damage, separate and apart from bodily injury claims and thus subject to subrogation. The court agreed that the damages were special but said that they were nonetheless an integrated element of a personal tort. Therefore, they held the provision invalid as a prohibited assignment of a claim arising out of personal injury. The court also observed that to allow subrogation would invite multiple subrogation claims and promote suits and interpleaders, all contrary to the policy of the law.

In Lowder v. Oklahoma Farm Bur. Mut. Ins. Co., 436 P.2d 654 (Oklahoma 1967), the court noted that a single tort to a single person gives rise to but a single action, however numerous the resulting items of damages may be. Thus a separate action by an insurer to recover only medical expenses controverted the rule against splitting a cause of action and was barred. The court reasoned that the prevention of a multiplicity of suits and of vexatious litigation outweighed the arguments for subrogation.

In addition, one state, Virginia, has enacted a statute expressly forbidding the incorporation of a subrogation provision in medical expenses coverage. Va.Code Ann. § 38.1–381.2 (1968).

Now we turn to the other side of the coin and review the holdings of some states more favorable to the position of appellant:

A claim for personal injuries may be assigned [Nevada, New Mexico and Ohio]. Medical payments subrogation merely impresses an equitable lien in favor of the insurer upon the proceeds of any recovery obtained by the insured from the tort-feasor to the extent of its payment [Illinois, Minnesota, New York, and Washington]. Such right is based on contract; is not unfair or overreaching; and is accompanied by an appropriately reduced premium [Michigan, Rhode Island, and Wisconsin]. The provision merely provides for conventional subrogation and does not constitute an assignment [Arkansas, District of Columbia, Florida, New Jersey, North Carolina, Oregon, Pennsylvania, Tennessee, Utah, and West Virginia]. In addition, three of the states listed above [Illinois, New Jersey, and Ohio] based their decision on the additional ground that such provision is not contrary to public policy in the absence of action by the insurance department, which is vested by the legislature with duties concerning the form of insurance policies.

In Hospital Service Corp. of R. I. v. Pennsylvania Ins. Co., 101 R.I. 708, 227 A.2d 105 (1967), the court concluded that the subrogation clause differed from an assignment. The court also stated that such a contract tends to reduce premiums and fosters a type of coverage that provides protection for the insured without creating a windfall.

In Bernardini v. Home & Auto Ins. Co., 64 Ill.App.2d 465, 212 N.E.2d 499 (1966), the court held that there was no attemped assignment, since subrogation operates only to secure contribution and indemnity, whereas an assignment transfers the whole claim. The court concluded that a medical payments subrogation clause merely impresses lien in favor of the insurer to the extent of its payment upon any recovery obtained from the tort-feasor.

In DeCespedes v. Prudence Mut. Cas. Co. of Chicago, Ill., 193 So.2d 224 (Fla. Ct.App.1966), the court, in upholding the insurer's right to subrogation, stated:

"Under the doctrine of subrogation, the insurer is *substituted*, by operation of law, to the rights of the insured. . . . It is not available to a volunteer, only to

one under a duty to pay. Furthermore, it is not available to an extent greater than the amount paid by the insurer, and then only after the insured has been fully indemnified. By contrast, an assignment generally refers to or connotes a voluntary act of transferring an interest. . .

"Subrogation serves to limit the chance of double recovery or windfall to the insured, and, when exercised, tends to place the primary liability upon the tortfeasor, where it belongs. . . . So long as subrogation, as applied to this medical pay provision, serves to bar double recovery, it should be upheld." (193 So.2d 227)

The court thus distinguished subrogation of medical payments from assignment of a tort action.

An apt authority for appellant's position is this statement from 16 G. Couch, Cyclopedia of Insurance Law, § 61:18 (2d ed. 1966):

". . . a wrongdoer who is legally responsible for the harm should not receive the windfall of being absolved from liability because the insured had had the foresight to obtain, and had paid the expense of procuring, insurance for his protection; since the insured has already been paid for his harm, the liability of the third person should now inure for the benefit of the insurer. . . ."

In National Union Fire Insurance Company v. Grimes, 278 Minn. 45, 153 N.W.2d 152, appellant sued appellee to recover $970.20 paid under insurance affording "medical expense coverage." Appellee thereafter received $3500.00 in settlement of his claim against the person who caused the injuries making necessary the medical payment. The policy providing "medical expense coverage" entitled appellant to reimbursement by defendant from the proceeds of any settlement from or judgment against the tort-feasor. The lower court entered judgment for appellee. The Supreme Court of Minnesota reversed, saying that the subrogation clause in the medical payments provision was not an assignment.

In Miller v. Liberty Mutual Fire Insurance Co., 148 Misc.2d 102, 264 N.Y.S.2d 319, plaintiff brought a declaratory judgment action to declare invalid the subrogation provision of his automobile insurance policy as applied to medical payments and to declare invalid two trust receipts exacted of him by defendant, his insurance carrier, as to payment of his claim for medical expenses. The court denied relief to plaintiff; held the subrogation clause and trust receipts valid; and in its opinion quoted New York Jurisprudence, Vol. 3, § 17, pages 273 and 274, as follows:

" 'There is a distinction between an assignment of a cause of action itself and an assignment of the proceeds of whatever recovery is had in such action. Although a cause of action for personal injuries is not assignable, an assignment of the share of the proceeds to be recovered has been regarded as enforceable as an equitable assignment. It has been declared that the assignment could not attach or become a legal assignment until there was a definite settlement or judgment and an appropriation of the proceeds; that until then, the assignee's rights are enforceable only in equity, and that all the law gives the assignee is a right to demand that the assignor take proper steps to enforce the cause of action. The control of the action or the consummation of any settlement is exclusively in the hands of the assignor, and if after a settlement the tortfeasor in good faith paid the assignor, he has breached no obligation to the assignee.' " (264 N.Y.S.2d 323)

In Damhesel v. Hardware Dealers Mutual Fire Ins. Co., 60 Ill.App.2d 279, 209 N.E.2d 876, the court held that the subrogation provision in a medical payments policy did not constitute an assignment of a personal tort and that the policy was one of indemnity. This case was cited approvingly

in Bernardini v. Home and Automobile Insurance Co., 64 Ill.App.2d 465, 212 N.E. 2d 499.

We adopt the reasoning in the cases hereinabove cited holding that a subrogation clause limited only to a portion of the proceeds of a personal injury claim sufficient to reimburse the insurance carrier for the indemnity paid its insured under a medical coverage provision, does not constitute an assignment of the cause of action of the insured against the tort-feasor. We further hold that the subrogation clause in the policy sued upon does not provide for a splitting of the cause of action.

The subrogation clause before us is more restrictive in its language than the clauses in the *Miller, Bernardini, Damhesel,* and *National Union Fire* cases, supra. The subrogation clauses in said cases provided substantially that the company would be subrogated to *"all the insured's rights of recovery"*, whereas, in this case the clause provided for subrogation, to the extent of medical indemnity paid by the insured, "to the *proceeds of any settlement or judgment* that may result from any rights of recovery which the insured person . . . may have against any person or organization . . . and do whatever else is necessary to secure such rights." (Emphasis supplied) We do not consider this to be an assignment of the insured's cause of action but merely his contract to (1) take such steps as may be necessary to recover from the tort-feasor, (2) to reimburse the insurer from the recovery to the extent of medical indemnity paid the insured but not to exceed the amount of the recovery. Nor do we consider that the subrogation clause provides for a splitting of the cause of action, since, there being no assignment as to the cause of action, only one action may be maintained against the tort-feasor.

Finally, in the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability and to impose conditions upon their liability which are not inconsistent with public policy. Loveman, Joseph & Loeb v. New Amsterdam Cas. Co., 233 Ala. 518, 173 So. 7 (1934). Alabama Farm Bureau Mut. Cas. Ins. Co. v. Goodman, 279 Ala. 538, 188 So.2d 268, 23 A.L.R.3d 1437 (1966). No statutory provision against subrogation clauses in policies containing medical coverage has been called to our attention. We hold (limited herein to the substance of the clause before us) that such clauses are not against public policy.

In the instant case appellant, in effect, simply undertook to recoup its claim arising from the subrogation clause (although that was not the language of the pleadings) against the recovery had by appellee from the tort-feasor. We hold that the subrogation clause in this policy was valid and enforceable and that appellant rightfully undertook to recoup its liability under the medical payments indemnity of the policy against the amount collected by appellee under his claim against the tort-feasor.

Reversed and rendered.

## ON REHEARING

On application for rehearing, appellee, in his brief, argues that in our original opinion we held in effect that the medical coverage provision of the insurance policy was one of indemnity, which, according to appellee, would bring the policy under the governance of Title 28, Chapter 17, of the Code of Alabama, as last amended, that being the chapter that sets out the required format of sickness and accident policies with reference to the placement of exceptions and reductions of indemnity; and appellee argues that the format of the policy sued upon was in violation of the requirements of Sec. 419(5), Tit. 28, of said chapter, wherefore, the subrogation clause was void.

The foregoing proposition was in nowise mentioned or argued in appellee's original brief.

An application for rehearing on ground not argued or suggested until after our

judgment was rendered cannot be now considered. Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771, and cases therein cited.

The other propositions raised by appellee's brief were fully argued and carefully considered before the rendition of our opinion on the original opinion. We adhere to the views therein expressed.

Opinion extended. Application for rehearing overruled.