[Civ. No. 23267.   First Dist., Div. Two.   Sept. 20, 1967.]

CARL JOHNSON, Plaintiff and Respondent, v. L. D. S. TRUCKING CO. et al., Defendants and Appellants.

Partridge, O'Connell, Partridge & Fall and Edward Kurz for Defendants and Appellants.

Quinn, Quinn & Quinn and James H. Quinn for Plaintiff and Respondent.

SHOEMAKER, P. J.—This is an appeal by Argonaut Insurance Company, a workmen's compensation carrier, from an order awarding counsel for plaintiff attorney's fees in the amount of $825, to be paid from the proceeds of a $4,960 settlement partially reimbursing Argonaut for workmen's compensation benefits paid to plaintiff.[1]

Plaintiff Johnson was injured on or about June 30, 1961, when a truck owned by the L.D.S. Trucking Company collided with a truck which plaintiff was operating in the course and scope of his employment by the Loomis Armored Car Service, Inc. Argonaut, the insurance compensation carrier for plaintiff's employer, thereafter paid plaintiff $6,775.20 by way of benefits.

Plaintiff employed an attorney, John Quinn, to bring suit on his behalf against the L.D.S. Trucking Company, and Argonaut was so advised. Argonaut's attorneys wrote Quinn on April 11, 1962, advising him that no settlement should be entered into without Argonaut's concurrence, offered to assist Quinn in any way they could to further his efforts in pursuing the action against the parties responsible for plaintiff's injury, and requested that Quinn send them a copy of the complaint when suit was filed.

Quinn filed suit against L.D.S. on June 28, 1962, and, on August 20, 1962, complied with the request by Argonaut's attorneys and furnished them with a copy of the complaint. On March 4, 1963, L.D.S. was served with summons and complaint, and on June 10, 1963, Argonaut's attorneys complied with a request by Quinn and furnished him with a copy of plaintiff's compensation file. On September 4, 1963, Quinn notified Argonaut's counsel of the taking of L.D.S.' deposition, and on September 9, 1964, Argonaut's attorneys advised Quinn of the total compensation benefits paid on plaintiff's behalf as of March 25, 1964.

On February 19, 1965, plaintiff's deposition was taken and on February 25, 1965, pretrial of the action against L.D.S. was held. Argonaut was not represented at the deposition or pretrial conference, but the record contains no indication that Quinn had asked their counsel to attend.

Quinn had been in communication with L.D.S.' insurer throughout the above-mentioned proceedings and had been attempting to effect a settlement. On April 15, 1965, said in-

[1]Although notice of appeal was actually filed by L.D.S. as well as Argonaut, L.D.S. has abandoned its appeal, since the appellant's opening brief was filed by Argonaut only.

surer wrote Quinn and offered to settle for "$12,000 plus 50% of the compensation lien held by Argonaut, which would be $3,380 for a total compromise offer in the amount of $15,-380." L.D.S.' insurer stated that it was extending this offer for a period of only one day because it considered plaintiff's claim a dubious one, both from the standpoint of liability and damages.

Although the offer was acceptable to plaintiff, Argonaut refused to reduce its claim by 50 percent and, on April 20, 1965, moved for an order imposing a lien in the amount of $6,775.20 upon the proceeds of any settlement between plaintiff and defendant L.D.S. Argonaut also sought an order temporarily restraining the parties from paying or disposing of the proceeds of any settlement. The court issued the temporary restraining order prayed for and an order to show cause.

On April 21, 1965, Argonaut's attorneys wrote the insurer for L.D.S and stated that the offer of $15,380 would be acceptable to Argonaut if it received one-third of whatever sum remained after deduction of plaintiff's costs and attorney's fees.

After further negotiations between Quinn, Argonaut's attorneys and the insurer for L.D.S, a $16,000 settlement agreeable to all the parties was effected. A check in this amount made payable to plaintiff, Quinn and Argonaut was duly indorsed and negotiated. Argonaut received $4,960 in full settlement of its claim. Quinn received $3,930 as attorney's fees, and the balance, $7,110, was paid plaintiff.

On May 7, 1965, Quinn moved for an order imposing reasonable attorney's fees upon Argonaut's $4,960 portion of the settlement, asserting that the legal services rendered by him had inured to the benefit of Argonaut as well as plaintiff, in that it was through his efforts alone that Argonaut had recovered $4,960 on account of the workmen's compensation benefits paid to plaintiff. Over Argonaut's opposition and after hearing, the court granted the motion and awarded Quinn attorney's fees in the amount of $825 to be paid from Argonaut's portion of the settlement.

Prior to 1959, sections 3856 and 3860 of the Labor Code (Stats. 1949, ch. 120. § 2, pp. 355-356; Stats. 1957, ch. 615, § 1, p. 1825) provided that where an employer (or insurer)[2] who

---

[2]The term "employer" includes the employer's workmen's compensation insurance insurer (Lab. Code, § 3850, subd. (b); *Bosch* v. *Standard Oil Co. of Cal.* (1961) 193 Cal.App.2d 426, 430 [14 Cal.Rptr. 247].)

had paid compensation benefits to an employee failed to join in the prosecution of a claim or action brought by the employee against a third party tortfeasor, the employee's attorney was entitled to a reasonable attorney's fee on account of services rendered in effecting recovery for the employer and such fee was to be deducted from the employer's share of the judgment or settlement.

In 1959, sections 3856 and 3860 were repealed and re-enacted in their present form. Subdivisions (b) and (c), respectively, of the re-enacted sections, provide that where a judgment or settlement against a third party tortfeasor is obtained *solely* through the efforts of the employee's attorney, the reasonable attorney's fees due him for the services rendered on behalf of the employer as well as the employee must be deducted from the gross amount of the judgment or settlement and the employer must then be reimbursed in full for compensation benefits paid on the employee's behalf.

It is apparent that the effect of sections 3856, subdivision (b), and 3860, subdivision (c), is to render the employee's share of a judgment or settlement, rather than the employer's share, liable for legal services rendered by the employee's attorney on behalf of an employer who chose not to obtain his own attorney and join in the prosecution of the employee's claim.

In the instant case, plaintiff and his attorney, Quinn, take the position that section 3860, subdivision (c), the section applicable to settlements, is unconstitutional because it deprives an employee to whom it applies of the equal protection of the laws. He therefore reasons that the trial court was correct in following the procedure in effect prior to 1959 and imposing upon Argonaut's share of the settlement a reasonable attorney's fee for the services rendered by Quinn on Argonaut's behalf.

The basic difficulty with plaintiff's and Quinn's position is that even if they were correct in contending that section 3860, subdivision (c), is unconstitutional and that the guarantees of equal protection of the laws require adherence to the pre-1959 procedure governing an employer's responsibility for legal services rendered on his behalf, it is apparent that under the circumstances here present, neither section 3860, subdivision (c), nor section 3860 in its pre-1959 form, would have justified the court in imposing upon Argonaut's share of the settlement any award of attorney's fees in favor of plaintiff's attorney.

In *Bosch* v. *Standard Oil Co. of Cal.* (1961) 193 Cal.App.2d 426 [14 Cal.Rptr. 247], plaintiff-employee and his attorneys contended that the latter were entitled to recover from the employer's share of the judgment a reasonable fee for services rendered on the employer's behalf even though the employer had been represented by its own counsel throughout and had fully participated in the prosecution of plaintiff's claim. The court rejected this contention and pointed out that section 3856, in its pre-1959 form, authorized such an award only where the employer had failed to join in said action and to be represented by his own attorney. The court stated, ''Here, the 'employer' . . . did join in the action and was represented by its own attorneys. Appellant's position must be that the representation was insufficient. But we find nothing in the evidence indicating that there was anything that counsel should have done, on behalf of Argonaut, the only party that they represented, that they did not do. Nothing in the statute indicates that, where the plaintiff is represented as he was here by his own counsel, there is any duty upon counsel for the employer-insurer to assume any of the burdens of representing the plaintiff. That was appellants' burden, and they were well paid for it. Why, when respondent had its own counsel, who competently represented it, should it have to pay plaintiff's counsel? We cannot presume that respondent's counsel were not paid, nor is that even suggested. Why should the employer-insurer pay twice? No reason is suggested, and we can see none.'' (P. 430.)

In the instant case, Argonaut was similarly represented by its own counsel throughout the proceedings which culminated in the $16,000 settlement. Argonaut's attorneys offered to assist Quinn in any way they could, and they subsequently sent him a copy of plaintiff's compensation file and kept him advised of the total amount of benefits paid on plaintiff's behalf. The record fails to indicate that Quinn ever asked Argonaut's attorneys to take a more active part in the prosecution of plaintiff's claim, and it may well be that Quinn would not have wanted them to do so. When it appeared that the case might be settled, Argonaut's attorneys participated in the negotiations with L.D.S.' insurer and, by agreeing to reduce Argonaut's claim by more than $1,800, made it possible for the $16,000 settlement to be effected.

Under the circumstances here present, the situation was obviously not one where a settlement was obtained solely through the efforts of the employee's attorney, and the court

was accordingly without authority to impose upon Argonaut's share of the settlement an award of attorney's fees in favor of Quinn. Since section 3860, subdivision (c), is clearly inapplicable, its possible unconstitutionality need not be determined.

The order awarding counsel fees is reversed.

Agee, J., and Taylor, J., concurred.