[Civ. No. 33866. Second Dist., Div. Four. Oct. 29, 1969.]

SALVADOR M. MORENO, Plaintiff and Appellant, v.
JOE LOUIS VENTURINI et al., Defendants and Respondents;
STATE COMPENSATION INSURANCE FUND,
Claimant and Respondent.

## COUNSEL

Eugene V. Kapetan for Plaintiff and Appellant.

I. Groezinger, Laton D. Wells, Edwin J. Dubiel, James J. Vonk and Harvey G. Stark for Claimant and Respondent.

No appearance for Defendants and Respondents.

## OPINION

**DUNN, J.**—On September 11, 1964, appellant commenced an action to recover damages for personal injuries[1] sustained in a collision between his automobile and a truck owned by respondent Michael Flynn Mfg. Co. and driven by respondent Joe Venturini. Respondents filed an answer generally denying negligence and alleging contributory negligence as an affirmative defense. After two days of trial, the parties entered into a settlement agreement by which appellant released and dismissed respondents Flynn and Venturini in consideration of the payment of $7,000.

Respondent State Compensation Insurance Fund (hereinafter referred to as "Fund"), apparently the insurer[2] of appellant's employer, was not informed of the pendency of the action, did not intervene therein, and did not participate in negotiation of the settlement. However, upon learning of the action, respondent Fund, pursuant to Labor Code sections 3850 to 3864, inclusive, filed a Notice of Lien[3] in the amount of $1,115 upon any settlement or judgment reached or rendered in favor of appellant in the personal injury action. The purpose of the lien was to recover workmen's compensation benefits paid to appellant on account of his injuries.[4]

On April 5, 1966, the court entered an order[5] awarding appellant's attorney a fee in the amount of 40 percent of the sum due respondent Fund on account of its lien. Without knowledge that such order had been entered, on May 26, 1966, respondent Fund filed a Release and Discharge of Lien in which it was stated that the Fund was aware of the settlement agreement, had approved it, and had agreed with appellant as to the amount which the Fund should receive from the settlement with respect to its claimed lien. The Fund declared that the lien was discharged, and authorized the issuance of a common settlement draft by respondents Flynn and Venturini in the amount of $7,000, made payable commonly to appellant, the Fund "and the attorneys of record for the parties and the lien claimant."

By letter dated June 10, 1966, an attorney representing respondent Fund forwarded to appellant's attorney a draft in the amount of $7,000 and authorized its use in return for a check in the amount of $1,115 in full

---

[1]It is not alleged in the complaint that these injuries were sustained in the course of appellant's employment, but we assume that they were.

[2]It is nowhere in the record stated that respondent Fund is the insurer of appellant's employer, but from the nature of the action and the lien claim, we assume such to be the fact.

[3]As the record furnished this court is incomplete, we have sent for the superior court file (rule 12(a), Cal. Rules of Court) which provided this information.

[4]This is another fact which is not stated in the record, but which we must assume from the nature of the action and the lien claim.

[5]This order does not appear in the record. (But see fn. 3.)

payment of the lien. Appellant's attorney did not return the $1,115, but sent respondent Fund his check in the amount of $669.[6] On June 24, 1966, respondent Fund first received notice of the order of April 5, 1966, when it received a copy thereof from appellant's attorney.

On July 11, 1966, respondent fund filed a motion to set aside such order pursuant to Code of Civil Procedure section 473 on the ground that the order had been taken against respondent through its mistake, inadvertence, surprise or excusable neglect. On July 21, 1966, the court entered its order granting the motion. This appeal is taken from such order.[7]

The question presented by this appeal is as follows: Where an action by an employee against a third person to recover damages for personal injuries sustained in the course of employment is settled solely through the efforts of the employee's attorney, may the fee of such attorney be paid out of (deducted from) the amount awarded the employer (or his insurer)[8] by virtue of the employer's lien for reimbursement for compensation which has been paid to the employee?

Labor Code section 3860 provides: "(a) No release or settlement under this chapter, with or without suit, is valid or binding as to any party thereto without notice to both the employer and the employee, with opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, and opportunity to the employee to recover all damages he has suffered and with provision for determination of expenses and attorney's fees as herein provided.

"(b) The entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement for compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, together with expenses and attorney fees, if any, subject to the limitations in this section set forth.

"(c) Where settlement is effected, with or without suit, solely through the efforts of the employee's attorney, then prior to the reimbursement of the employer, as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses

---

[6]This is the amount remaining after deducting $446 (40 percent of $1,115) from $1,115.

[7]If the court grants a motion to vacate, either under Code of Civil Procedure, section 473 or section 663, the prior judgment is nullified, and the only way to review the vacating order is by a direct appeal therefrom. Hence, it is treated as a special order after final judgment, and is appealable. 3 Witkin, Cal. Procedure (1954), Appeal § 25, p. 2170; 3 Cal.Jur.2d, Appeal and Error § 57, p. 489; *Casner* v. *Superior Court* (1937) 23 Cal.App.2d 730, 732 [74 P.2d 298].

[8]The term "employer" includes the employer's workmen's compensation insurer (Lab. Code, § 3850, subd. (b)).

incurred in effecting such settlement, including costs of suit, if any, together with a reasonable attorney's fee to be paid to the employee's attorney, for his services in securing and effecting settlement for the benefit of both the employer and the employee."

■ Under these provisions, the amount of the settlement is subject to deduction of both the reimbursement due the employer, and the attorney fees; and where the settlement is effected solely through the efforts of the employee's attorney, his fee is in effect given priority in that it is to be deducted from the amount of the settlement before the employer is reimbursed therefrom. *Eldridge* v. *Truck Ins. Exchange* (1967) 253 Cal.App.2d 365, 367, 368 [61 Cal.Rptr. 347]. However, there is nothing in Labor Code section 3860, *supra,* which justifies the conclusion that where settlement is effected solely through the efforts of the employee's attorney, his fee is to be *deducted from* (rather than given priority over) the amount due the employer for reimbursement for compensation paid the employee.

Such is the interpretation given Labor Code section 3860, *supra,* in *Johnson* v. *L. D. S. Trucking Co.* (1967) 254 Cal.App.2d 496, where the court stated at pages 498-499 [62 Cal.Rptr. 501]: "Prior to 1959, sections 3856[9] and 3860 of the Labor Code (Stats. 1949, ch. 120, § 2, pp. 355-356; Stats. 1957, ch. 615, § 1, p. 1825) provided that where an employer (or insurer) who had paid compensation benefits to an employee failed to join in the prosecution of a claim or action brought by the employee against a third party tortfeasor, the employee's attorney was entitled to a reasonable attorney's fee on account of services rendered in effecting recovery for the employer and such fee was to be deducted from the employer's share of the judgment or settlement.

"In 1959, sections 3856 and 3860 were repealed and re-enacted in their present form. Subdivisions (b) and (c), respectively, of the re-enacted sections, provide that where a judgment or settlement against a third party tortfeasor is obtained *solely* through the efforts of the employee's attorney, the reasonable attorney's fees due him for the services rendered on behalf of the employer as well as the employee must be deducted from the gross amount of the judgment or settlement and the employer must then be reimbursed in full for compensation benefits paid on the employee's behalf.

"*It is apparent that the effect of sections 3856, subdivision (b), and 3860, subdivision (c), is to render the employee's share of a judgment or settlement, rather than the employer's share, liable for legal services*

---

[9]Labor Code section 3856 governs where the employee's action against the third party tortfeasor is prosecuted to judgment rather than terminated by settlement before judgment.

*rendered by the employee's attorney on behalf of an employer who chose not to obtain his own attorney and join in the prosecution of the employee's claim."* (Italics added.)

■ In view of the foregoing interpretation of Labor Code section 3860, *supra,* it is clear that the $446 fee of appellant's attorney may not be deducted from the $1,115 reimbursement due respondent Fund under its lien claim. Rather, the attorney's fee must be deducted from the gross amount ($7,000) of the settlement, leaving a balance of $6,554, out of which respondent Fund will be paid the entire sum of $1,115 due it.[10]

■ The granting of a motion to vacate a judgment or order under Code of Civil Procedure section 473, rests largely in the discretion of the trial court, and its ruling will not be disturbed on appeal unless an abuse of discretion clearly appears. *Troxell* v. *Troxell* (1965) 237 Cal.App.2d 147, 152 [46 Cal.Rptr. 723]; *Olson* v. *Olson* (1957) 148 Cal.App.2d 479, 483 [306 P.2d 1036].

■ In the declaration in support of the motion to set aside the order of April 5, 1966, and at the hearing of such motion, it was shown that when respondent Fund executed and filed the release declaring that its lien had been discharged, respondent did not know, and could not reasonably have been expected to know, that the order of April 5, 1966, had been entered deducting the fee of appellant's attorney from the amount due respondent under its lien. Hence, it appears that the order was taken against respondent through its "mistake, inadvertence, surprise or excusable neglect" (Code Civ. Proc. § 473). Moreover, the order was erroneous. Under these circumstances, the trial court did not abuse its discretion in granting the motion of respondent Fund to set aside the order.

The order of July 21, 1966, setting aside the order of April 5, 1966, is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

---

[10]Neither party raises, and we do not consider, any question regarding the constitutionality of this section, as possibly depriving a party of equal protection. (Generally, see: 11 Cal.Jur.2d 695 et seq., Constitutional Law, §§ 258 et seq., especially §§ 294, 295.)