[Civ. No. 1635. Fifth Dist. May 18, 1972.]

LELAND J. FUCHS, Plaintiff and Appellant, v.
WESTERN OIL FIELDS SUPPLY et al., Defendants;
FOREMOST DAIRIES, Claimant and Respondent.

**COUNSEL**

Neyhart, Grodin, Beeson & Jewel and Siegfried Hesse for Plaintiff and Appellant.

Mullen & Filippi and Charles F. Lee for Claimant and Respondent.

## OPINION

**THE COURT.**—In May 1969, appellant Fuchs was an employee of Foremost Dairies, lien claimant and respondent herein. While driving a truck for respondent, appellant was struck by a vehicle driven by an employee of Western Oil Fields Supply. In August 1969 appellant filed suit against Western Oil Fields Supply and other defendants. The lawsuit ultimately culminated in a settlement in favor of appellant, which was approved by the trial court on June 1, 1971. The settlement was in the amount of $58,000, of which $11,816.21 was awarded to the lien claimant in repayment of temporary disability benefits and medical benefits previously advanced to the employee pursuant to the Workmen's Compensation and Insurance Act. The balance of $46,189.79 was awarded to appellant. A motion for an award of attorney's fees from the lien claimant's recovery was denied.

On appeal it is contended that the denial of the motion for an award of attorney's fees from the lien claimant's recovery was error because the applicable Labor Code sections should be construed so as to allow employee's attorney a fee recovery from the lien claimant's award, and any other construction of the Labor Code sections renders them unconstitutional.

### Construction of the Statutes.

Any discussion of settlement agreements must of necessity also refer to the statutes governing judgments. The statute applicable to judgments in workmen's compensation cases involving third party tortfeasors is Labor Code section 3856, set out in the margin.[1] The comparable statute concern-

---

[1] Labor Code section 3856 reads as follows: "In the event of suit against such third party:

"(a) If the action is prosecuted by the employer alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employer's attorney in effecting recovery both for the benefit of the employer and the employee. After the payment of such expenses and attorney's fees, the court shall apply out of the amount of such judgment an amount sufficient to reimburse the employer for the amount of his expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852 and shall order any excess paid to the injured employee or other person entitled thereto.

"(b) If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer.

ing settlement agreements is Labor Code section 3860, also set out in the margin.[2]

After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852.

"(c) If the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions, and they are represented by the same agreed attorney or by separate attorneys, the court shall first order paid from any judgment for damages recovered, the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorneys' fees based solely on the services rendered for the benefit of both parties where they are represented by the same attorney, and where they are represented by separate attorneys, based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented. After the payment of such expenses and attorneys' fees the court shall apply out of the amount of such judgment for damages an amount sufficient to reimburse the employer for the amount of his expenditures for compensation together with any other amounts to which he may be entitled as special damages under Section 3852.

"(d) The amount of reasonable litigation expenses and the amount of attorneys' fees under subdivisions (a), (b), and (c) of this section shall be fixed by the court. Where the employer and employee are represented by separate attorneys they may propose to the court, for its consideration and determination, the amount and division of such expenses and fees."

[2]Labor Code section 3860 read (at the time of settlement) as follows: "(a) No release or settlement under this chapter, with or without suit, is valid or binding as to any party thereto without notice to both the employer and the employee, with opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, and opportunity to the employee to recover all damages he has suffered and with provision for determination of expenses and attorney's fees as herein provided.

"(b) The entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement for compensation he has paid or become obligated to pay and any special damages to which he may be entitled under Section 3852, together with expenses and attorney fees, if any, subject to the limitations in this section set forth.

"(c) Where settlement is effected, with or without suit, solely through the efforts of the employee's attorney, then prior to the reimbursement of the employer, as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting such settlement, including costs of suit, if any, together with a reasonable attorney's fee to be paid to the employee's attorney, for his services in securing and effecting settlement for the benefit of both the employer and the employee.

"(d) Where settlement is effected, with or without suit, solely through the efforts of the employer's attorney, then, prior to the reimbursement of the employer as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting such settlement, including costs of suit, if any, together with a reasonable attorney's fee to be paid to the employer's attorney, for his services in securing and effecting settlement for the benefit of both the employer and the employee.

"(e) Where both the employer and the employee are represented by the same agreed attorney or by separate attorneys in effecting a settlement, with or without suit, prior to reimbursement of the employer, as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses

The interpretation of section 3860 followed by the trial court was that subdivision (c) subjects the entire settlement to "a reasonable attorney's fee to be paid to the employee's attorney, for his services in securing and effecting settlement for the benefit of both the employer and the employee." Subdivision (b) then subjects the residue "to the employer's full claim for reimbursement for compensation he has paid or become obligated to pay." The remainder goes to the employee.

This interpretation subjects the entire amount of the settlement to the attorney's fee and then allows the employer to be made whole without having any amount of his lien reduced in payment of attorney's fees, thus putting the entire burden of the attorney's fees on the employee's portion of the recovery. What is being maintained herein is that the amount recovered by both the employee and the employer should be subject to a proportionate reduction in the amount of the attorney's fees.

A review of the antecedents of the present statutes and judicial comments thereupon furnishes the background for our discussion. In 1937 an extensive revision of the Labor Code was effected by chapter 90, Statutes 1937. Included in that revision were the following sections concerning judgments and settlements obtained in cases involving third party tortfeasors:

"Section 3856. The court shall first apply, out of the entire amount of any judgment for any damage recovered by the employee, a sufficient amount to reimburse the employer for the amount of his expenditures for compensation. If the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court, on his application, shall allow, as a first lien against the entire amount of any judgment for any damages recovered by the employee, the amount of the employer's expenditures for compensation."

"Section 3860. No release or settlement under this chapter after action before judgment is valid and binding without notice to both employer and

incurred by both the employer and the employee or on behalf of either, including costs of suit, if any, together with reasonable attorneys' fees to be paid to the respective attorneys for the employer and the employee, based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented. In the event both parties are represented by the same attorney, by agreement, the attorney's fee shall be based on the services rendered for the benefit of both.

"(f) The amount of expenses and attorneys' fees referred to in this section shall, on settlement of suit, or on any settlement requiring court approval, be set by the court. In all other cases these amounts shall be set by the appeals board. Where the employer and the employee are represented by separate attorneys they may propose to the court or the appeals board, for consideration and determination, the amount and division of such expenses and fees."

employee and opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay. The entire amount of such settlement, or of any settlement without suit, is subject to the employer's full claim for reimbursement for his compensation expenditures and liability."

An analysis of the 1937 statutory provisions reveals that the first priority in either a judgment or a settlement was given to the employer's lien for compensation paid to the employee.

In *Dodds* v. *Stellar,* 30 Cal.2d 496 [183 P.2d 658], it was claimed that the recovery effected therein was had "solely by virtue of the legal services of plaintiff's counsel . . . ." (30 Cal.2d at p. 502.) The plaintiff therein protested "the disallowance of attorney fees for his counsel from that amount of the judgment payable to the insurance carrier in satisfaction of its lien." (*Id.*) The court observed that the respondent insurance carrier was correct in asserting "that the rights of the parties are wholly governed by statute [citations] and that thereby its lien is not subject to the reduction suggested by plaintiff." (30 Cal.2d at p. 503.) The court went on to hold, at page 506: "These several statutory provisions clearly define the rights of the parties and completely cover the field. They emphasize the separate and distinct interest of the employer or its insurance carrier in the avails of the damage recovery for its full protection and leave no room for the evaluation of the rights of the parties in a manner inconsistent with the legislative plan. If there is to be any change in these statutory provisions defining the rights of the parties, the suggestion for such change should be addressed to the Legislature rather than to the courts."

There was a very timely legislative response to the holding of the court in *Dodds* v. *Stellar, supra.* Statutes 1949, chapter 120, amended section 3856 (distribution of proceeds following judgment) to provide that: "The court shall first apply, out of the entire amount of any judgment for any damage recovered by the employee, a sufficient amount to reimburse the employer for the amount of his expenditures for compensation. If the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court, on his application, shall allow, as a first lien against the entire amount of any judgment for any damages recovered by the employee, the amount of the employer's expenditure for compensation; provided, however, that where the employer has failed to join in said action and to be represented therein by his own attorney, or where the employer has not made arrangements for the employee's attorney to represent him in said action, the court shall fix a reasonable attorney's fee, which shall be fixed as *a share of the amount actually received by the*

*employer,* to be paid to the employee's attorney on account of the service rendered by him in effecting recovery for the benefit of the employer, *which said fee shall be deducted from any amounts due to the employer."* (Italics added.)

The case of *R. E. Spriggs, Inc.* v. *Industrial Acc. Com.,* 42 Cal.2d 785 [269 P.2d 876], involved the award of attorney's fees following a settlement (§ 3860) rather than a judgment (§ 3856). There, in discussing the effects of the 1949 amendments, the court held, at page 789:

"As the employer points out, the purpose of these amendments was to correct the statutory inequity which allowed an employer reimbursement for attorney's fees expended in the prosecution of an independent action although the full amount of a judgment in favor of an employee, under converse circumstances, might be allowed as a credit against compensation. But when the third party's liability has been settled, either by the employee or the employer, there is no provision for reimbursement to either of them for his legal expenses. A deduction for that purpose is allowed by section 3861 only 'pursuant to the provisions of section 3856 of this code.' Section 3856 applies only to a situation in which a lien is sought against a judgment, where the employer 'has failed to join in said action' or has not arranged with the employee's attorney 'to represent him in said action,' in which case 'the court shall fix a reasonable attorney's fee.' It is clear from these provisions that a judicial proceeding is contemplated.

"On the other hand, section 3860, which deals with settlements before judgment or without suit, is unaffected by the statutory change. It continues to provide that '[t]he entire amount of such settlement, or of any settlement without suit, is subject to the employer's full claim for reimbursement for his compensation expenditures and liability.' "

In finally rejecting the contentions that provisions for recoupment of attorney's fees applied to settlement proceedings, the court noted, at page 790:

"In short, to extend the provisions for recoupment of attorney's fees beyond their application to a judicial action would be to do so without the safeguards applicable to them. The clear and literal construction of the new amendments does not support such an extension, and, as stated in *Dodds* v. *Stellar, supra,* '[i]f there is to be any change in the statutory provisions defining the rights of the parties, the suggestion for such change should be addressed to the Legislature rather than to the courts.' "

It was clear under the 1937 amendments that an employee's attorney

could not obtain a portion of his fees from the lien claimant's recovery. Following the 1949 amendments, however, where the employee's attorney prosecuted a case to judgment, he was entitled to a reasonable attorney's fee out of the amount of the employer's lien. As noted, no such allowance for any reduction of the employer's lien claim was allowed in cases ending in a settlement.

There was again a relatively expeditious legislative response to the holding of the Supreme Court. Statutes 1957, chapter 615, amended Labor Code section 3860 to read as follows:

"No release or settlement under this chapter is valid and binding without notice to both employer and employee and opportunity to the employer to recover the amount of compensation he has paid or become obligated to pay. The entire amount of such settlement, or of any settlement without suit, is subject to the employer's full claim for reimbursement for his compensation expenditures and liability; provided, however, that where the employer has not prosecuted any claim or action in his own behalf or has failed to join and participate in the prosecution of any action presented by the employee or has not made arrangements with the employee's attorney to represent him in the prosecution of said action or claim, the commission shall fix a reasonable attorney's fee, *which shall be fixed as a share of the amount actually received by the employer,* to be paid to the employee's attorney on account of the services rendered by him in effecting a recovery for the benefit of the employer, *which said fee shall be deducted from any amounts due to the employer.*" (Italics added.)

Statutes 1959, chapter 1255, effectuated a complete revision of Labor Code sections 3856 (judgment) and 3860 (settlement). These sections were enacted substantially in their present form as set out, *supra.* An analysis of these sections reveals that 3856, subdivision (b), and 3860, subdivision (c), give a first priority in the proceeds of a settlement or a judgment to the reasonable attorney's fees due to the employee's attorney for his efforts, notwithstanding the fact some of the benefit of his services redounds to the employer as well as to the employee. The next priority in the proceeds is given the employer's lien, which is protected in its entirety by section 3856, subdivision (b) and section 3860, subdivision (b). Any amount remaining after payment of the reasonable attorney's fee and the full satisfaction of the employer's lien goes to the employee in both cases.

This priority system effectuated by the 1959 amendments differs from the situation obtaining under the 1937 statutes only in that attorney's fees are given priority over satisfaction of the lien claim. In neither situation

is the amount of the employer's lien to be reduced by any payments to employee's counsel for his efforts, notwithstanding the fact that employee's counsel prosecuted the suit, and thus the situation differs from that obtaining in the cases of judgments under the 1949 amendments and in the cases of settlements under the 1957 amendments. For an example of the protection afforded the employer's lien, see *Eldridge* v. *Truck Ins. Exchange,* 253 Cal.App.2d 365, 366-368 [61 Cal.Rptr. 347].

Judicial interpretation of the 1959 statutes has confirmed this view. *Johnson* v. *L.D.S. Trucking Co.,* 254 Cal.App.2d 496, held, at pages 498-499 [62 Cal.Rptr. 501], that:

"Prior to 1959, sections 3856 and 3860 of the Labor Code [citation] provided that where an employer (or insurer) who had paid compensation benefits to an employee failed to join in the prosecution of the claim or action brought by the employee against a third party tortfeasor, the employee's attorney was entitled to a reasonable attorney's fee on account of services rendered in effecting recovery for the employer and such fee was to be deducted from the employer's share of the judgment or settlement.

"In 1959, sections 3856 and 3860 were repealed and re-enacted in their present form. Subdivisions (b) and (c), respectively, of the re-enacted sections, provide that where a judgment or settlement against a third party tortfeasor is obtained *solely* through the efforts of the employee's attorney, the reasonable attorney's fees due him for the services rendered on behalf of the employer as well as the employee must be deducted from the gross amount of the judgment or settlement and the employer must then be reimbursed in full for compensation benefits paid on the employee's behalf.

"It is apparent that the effect of sections 3856, subdivision (b), and 3860, subdivision (c), is to render the employee's share of a judgment or settlement, rather than the employer's share, liable for legal services rendered by the employee's attorney on behalf of an employer who chose not to obtain his own attorney and join in the prosecution of the employee's claim." (Fn. omitted; italics in original.)

In *Moreno* v. *Venturini,* 1 Cal.App.3d 286, 290 [81 Cal.Rptr. 551], it was held that: ". . . there is nothing in Labor Code section 3860, *supra,* which justifies the conclusion that where settlement is effected solely through the efforts of the employee's attorney, his fee is to be *deducted from* (rather than given priority over) the amount due the employer for reimbursement for compensation paid the employee." (See also *Foulks* v. *Ortman,* 242 Cal.App.2d 189, 190 [51 Cal.Rptr. 300].)

In the face of the abundantly clear legislative and judicial history, there seems to be no question that current Labor Code sections 3856 and 3860 establish a priority system, the first priority being the employee's attorney's right to a reasonable fee, the second complete satisfaction of the employer's lien claim, and the residue going to the employee. Although this arrangement has been much criticized,[3] even the most thoroughgoing criticism of the present provisions appears to admit their substantial similarity to the 1937 statutes insofar as protection of the employer's lien is concerned.[4] For these reasons, it is clear that appellant's proposed construction of Labor Code section 3860 cannot be maintained.

*Constitutional Questions.*

■ Appellant maintains that the construction of Labor Code section 3860 is unconstitutional in that it denies him the equal protection of the law and it takes his property without due process of law.

As to the denial of equal protection of the law argument, we note that it need be shown only that there is a reasonable basis for the legislative classifications advanced. Appellant asserts that the legislation as presently construed discriminates against injured workmen among the class of all injured plaintiffs. Such a classification would seem, however, to be eminently reasonable in the context of a workmen's compensation system, whose whole point and purpose is to deal with the problem of injured workmen among the class of injured plaintiffs in general. See, on the claim of denial of equal protection with regard to a similar problem, *Bilyeu* v. *State Employees' Retirement System,* 58 Cal.2d 618, 623 [24 Cal.Rptr. 562, 375 P.2d 442]. See also *State of California* v. *Ind. Acc. Com.,* 48 Cal.2d 365, 371 [310 P.2d 7], and 2 Hanna, California Law of Employee Injuries and Workmen's Compensation (2d ed. 1969) section 2.02.

It thus seems apparent that, inasmuch as the classifications set forth in Labor Code sections 3856 and 3860 are reasonably related to the ends sought to be acomplished, they must withstand an attack based upon a claim of denial of equal protection of the law. The principle of subrogation therein expounded is in itself constitutional (2 Hanna, *op. cit.,* § 24.01[5]), and the cited sections must be interpreted in accord with this constitutional

---

[3]See, e.g., 2 Witkin, Summary of California Law, Workmen's Compensation, section 16; Note, *Attorney's Fees in Third Party Actions* (1970), 21 Hastings Law Journal 717.

[4]Note, *Attorney's Fees, etc., supra,* 21 Hastings Law Journal at page 725.

purpose so as to give meaning to the total purpose of the entire scheme. See, e.g., *Smith* v. *County of Los Angeles,* 276 Cal.App.2d 156, 165 [81 Cal.Rptr. 120]; *Martin* v. *Board of Administration,* 276 Cal.App.2d 795, 797-799 [81 Cal.Rptr. 432].

We turn to appellant's contention that the award of the employer's lien free from any claim of his attorney's fees is the taking of his property without due process of law. It is urged that insofar as the damages granted him in a suit against a third party tortfeasor represent compensation for pain and suffering, they are not part of the award which should properly be subjected to the employer's lien. It is obvious, however, that at least since 1931,[5] the entire amount of a judgment for damages recovered by an employee from a third party tortfeasor has been subject to the employer's lien, including any amount attributable to pain and suffering. (2 Hanna, *op. cit.* § 24.07(4)(c).) Other due process arguments made by appellant are based on hypothetical situations differing from the posture of the instant case, and are thus not properly presented to us for decision. In *Brown* v. *Superior Court,* 3 Cal.3d 427 [90 Cal.Rptr. 737, 476 P.2d 105], the court said, at page 432, "the employee makes an election to accept the benefits of the Labor Code in receiving a compensation award." Having made such an election, an employee may not thereafter complain when the detailed statutory provisions providing for the repayment of his compensation award are applied to him.

We cannot say that the legislative classification advanced in the comprehensive workmen's compensation scheme is unreasonable and consequently we do not hold there is a denial of equal protection of the law. Since the clear legislative intent is to insure that employers are reimbursed for all amounts advanced under the workmen's compensation statutes when the employee recovers judgment against or settles with a third party, and since this is a rational purpose, an attack on these statutes as taking the employee's property without due process of law must also fail.

■ It is the general policy of the California courts to avoid judicial emendations to the workmen's compensation scheme established by the Legislature. (*Mathews* v. *Workmen's Comp. Appeals Bd.,* 6 Cal.3d 719, 737 [100 Cal.Rptr. 301, 493 P.2d 1165].) In accord with this general

[5]Statutes 1931, chapter 1119. See construction in *Heaton* v. *Kerlan,* 27 Cal.2d 716, 723 [166 P.2d 857].

policy, we conclude that the Labor Code sections in question are constitutional and that the trial court's application of them to the instant case is correct.

The order is affirmed.

A petition for a rehearing was denied June 16, 1972, and appellant's petition for a hearing by the Supreme Court was denied July 26, 1972. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.