[Civ. No. 34978. First Dist., Div. Three. Feb. 19, 1976.]

NEIL D. REID, INC., Plaintiff and Appellant, v.
DEPARTMENT OF HEALTH CARE SERVICES,
Defendant and Respondent.

**COUNSEL**

Neil D. Reid, in pro. per., and Mary Sanford Schneider for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, and Robert L. Leberman, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**DRAPER, P. J.**—When the state Medi-Cal program pays for medical services rendered to an injured person who has a claim for damages for the injury for which he is treated, the state is granted a lien upon the injured person's recovery, whether by judgment or settlement, to the extent of the Medi-Cal benefits it has provided. (Welf. & Inst. Code, § 14117.)

Plaintiff, an attorney, filed in Lake County an action in behalf of Edward O'Bar, Jr., a minor, for damages for injuries to O'Bar caused by the negligence of operators of a fishing pier. In that action, the state filed its lien for $38,715.29, the amount of the Medi-Cal advances. Plaintiff attorney negotiated a settlement for $100,000, the full insurance coverage of the alleged tortfeasors. At his request, the state agreed to reduce its lien claim to $30,000. No fee agreement was made. The settlement was completed. Plaintiff did not apply to the Lake County court for fees. Plaintiff delivered to the state a check for $20,000, explaining that it was in payment of the $30,000 lien, $10,000 having been deducted by plaintiff as "the customary one-third attorney's fee." The state rejected the check. Plaintiff paid the $30,000 into court, and brought this action in San Francisco to compel the state to contribute $10,000 to his fee. Judgment below was for defendants.

The statute (Welf. & Inst. Code, § 14117) provides that the lien may be enforced "in the same manner, with the same rights and authority . . . and to the same extent provided in Chapter 5 (commencing with Section 3850), Part I, Division 4 of the Labor Code" (*id.*). That chapter of the Labor Code provides for a lien against a third party tortfeasor in favor of an employer who has paid compensation under the workers' compensation statutes. Thus the state, as a Medi-Cal lienor, has the same benefits and obligations as are afforded to an employer by the Workers' Compensation Act. The established rule, until September 10, 1975, was that an employer, as lienor, was not required to contribute to the fee of the attorney who had effected a settlement for the injured worker against a third party tortfeasor. (*Fuchs* v. *Western Oil Fields Supply*, 25 Cal.App.3d 728 [102 Cal.Rptr. 74]; *Moreno* v. *Venturini*, 1 Cal.App.3d 286 [81 Cal.Rptr. 551]; *Johnson* v. *L.D.S. Trucking Co.*, 254 Cal.App.2d 496 [62 Cal.Rptr. 501].) We therefore affirmed judgment for the defendants in this case. In September, however, the Supreme Court disapproved *Fuchs, Moreno* and *Johnson,* and held that the employer is required to contribute to the fee of plaintiff's attorney (*Quinn* v. *State of*

*California,* 15 Cal.3d 162 [124 Cal.Rptr. 1, 539 P.2d 761]) whether the recovery is by judgment (Lab. Code, § 3856) or settlement (Lab. Code, § 3860). The Supreme Court thereafter granted a hearing in this case, and remanded it to us for consideration in the light of *Quinn.*

Since the rights and burdens of the state under its lien against a tortfeasor for medical services are identical to those of an employer claiming a lien on the employee's recovery from a third party tortfeasor, it necessarily follows that *Quinn,* in requiring an employer lienor to contribute to the attorney's fees incurred by the plaintiff-employee, places a like burden upon the state as a lienor for medical services supplied by it.

The state argues that application of *Quinn* to the state's lien claims for medical services will involve substantial costs, and will "undermine" the Medi-Cal program. But *Quinn* discusses in detail the legislative history of sections 3856 and 3860 of the Labor Code. It clearly delineates the legislative intent in adoption of those sections in their present form. To adopt the state's argument would be to hold that the Legislature somehow intended the exact opposite of what it clearly said in section 14117. Such a holding is not a function of the courts.

The state's principal argument is based upon the provision that "[t]he amount of . . . attorney's fees referred to in this Section shall, on settlement of suit, . . . be set by the court." (Lab. Code, § 3860, subd. (f).) The state argues that this reference is to the court in which the action was brought. It contends that only that court has "jurisdiction" to fix the fee and that plaintiff's failure to apply for such fee in Lake County deprives the San Francisco court of "jurisdiction" to act upon that subject in the present action. No authority is cited for that view, and we find none. The term "jurisdiction" is used in many senses (see 1 Witkin, Cal. Procedure, pp. 526-527). The term is not synonymous with "mandatory" (*id.,* pp. 528-529). Absent express statutory grant of exclusive power to the court where the settled action was filed, we deem the requirement to be procedural, and not jurisdictional. Merely procedural statutes are to be construed liberally to effect just results. We reject the state's argument as to this case in which plaintiff's reasonable attempt to secure the *Quinn* result was still pending when *Quinn* was decided. Plaintiff in no sense lulled the state into believing that he accepted the denial of a fee contribution. On the contrary, he proceeded promptly to assert his claim in an action directly against the state, in a form which would delay his client's recovery only to the extent of the amount claimed by the state as

a lien. Under statute (Gov. Code, § 955 (2d par.), Code Civ. Proc., § 401) there may be room to feel that such an action was properly filed in San Francisco, one of the counties in which the Attorney General has an office. It would be unfair to deny this plaintiff, diligent in seeking reversal of a judicial rule now found unsound, the fruits of the reversal he so doggedly sought. Now that the right to fee allocation is established, there will be no need for a separate action, and that allocation must be sought in the court where the tort action is pending.

We recognize, also, that a substantial burden would be placed upon the courts, and a severe inroad made upon state funds now available for beneficial Medi-Cal purposes, if the newly announced rule on Medi-Cal liens were to apply to all earlier cases, over some undetermined period of limitations, in which the state had exercised its lien claims without any allowance for attorney's fees. Such retrospective application would reopen cases long since final, and lead to a flood of new litigation, all to little purpose. For all the reasons which have been advanced for limiting judicially announced changes in established law (see, e.g., *Li v. Yellow Cab Co.,* 13 Cal.3d 804, 829-830 [119 Cal.Rptr. 858, 532 P.2d 1226], and cases there cited), we apply a like limited application here. This decision, insofar as it permits a separate action for attorney's fees relating to state claims for medical services provided to injured persons, shall apply only to such fee actions pending and undecided on or after September 10, 1975.

In conformity with the rule of *Quinn* (15 Cal.3d at pp. 175-176), the judgment is reversed and the cause remanded to the superior court, San Francisco, for fixing of a fee and for apportionment thereof between the parties benefitting by the recovery, as prescribed by *Quinn.* (15 Cal.3d at pp. 175-176.)

Brown (H. C.), J., and Scott, J., concurred.