[No. B070280. Second Dist., Div. Two. Nov. 4, 1993.]

KENNETH W. KIZER, as Director, etc., Plaintiff and Appellant, v.
FUZI HIRATA et al., Defendants and Respondents.

## COUNSEL

Daniel E. Lungren, Attorney General, Charlton G. Holland III, Assistant Attorney General, John H. Sanders and Carolyn D. Fuson, Deputy Attorneys General, for Plaintiff and Appellant.

Michael H. Miller for Defendants and Respondents.

## OPINION

**GATES, J.**—Plaintiff Department of Health Services, through its director, appeals from a judgment entered in favor of defendants Nathaniel J. Friedman and Nathaniel J. Friedman, Inc. (referred to collectively as respondent) after the trial court granted a motion *in limine* for nonsuit. It contends: "Reviewing the entire statutory scheme of Welfare and Institutions Code § 14124.70 et seq. establishes that appellant, the Director of the Department of Health Services, is not required to prove Dr. Ishihama's (the tortfeasor's) liability under California medical malpractice law to enforce its lien for Medi-Cal benefits provided respondent against the settlement money respondent recovered."

The determinative facts are uncontroverted. On November 28, 1983, respondent filed a medical malpractice action on behalf of Fuzi Hirata, who is now deceased. The suit, which was directed against Dr. Masao Ishihama, settled on August 29, 1986, for $100,000 and a check in that amount was made payable to Hirata and respondent. In the written settlement agreement Hirata executed, she acknowledged that she had "received medical care, services and supplies in connection with and arising out of the incident which furnishes the basis for this action as heretofore stated, the costs of which have been borne by certain public agencies including Medi-Cal" and further that she had "been advised that these agencies or each of them, have asserted a right to reimbursement for the costs which they have sustained in this connection and have asserted a right to a lien on the proceeds of any settlement herein; . . . ."

Ten days later, respondent sent appellant a check in the sum of $8,000 with an accompanying letter indicating it was intended to be "in full and complete satisfaction of any and all claims Medi-Cal may have, assert, or in the future claim, against [his] client, Fuzi Hirata[,] for alleged injury-related services paid by the Medi-Cal Program." The letter also contained a concession by respondent that items set forth in appellant's claim totaling $37,571 were arguably attributable to the negligence with which Hirata had charged Dr. Ishihama.

Appellant rejected respondent's proposed settlement of its lien and on September 8, 1989, filed a complaint against Hirata and respondent for money damages for breach of statutory duty, conversion and unjust enrichment. It sought to recoup the $37,571.76 in Medi-Cal benefits it had purportedly paid to Hirata for the medical care and treatment necessitated by Dr. Ishihama's malpractice.

At some point thereafter appellant evidently admitted it did not intend to establish that Ishihama was, in fact, guilty of malpractice and stipulated that in the event such proof were deemed to be an essential element of its case it would be unable to proceed. The trial court, seemingly with the concurrence of the parties, construed appellant's statement as having been made in an opening statement and granted respondent's motion for nonsuit in accordance with Code of Civil Procedure section 581c.[1]

■ From the comments made by the court when respondent's motion for nonsuit was argued, it is clear the court became bogged down with the

---

[1]Respondent suggests in his appellate brief that his nonsuit motion was granted because of appellant's "admitted failure to conduct necessary discovery, combined with his admitted inability to present evidence sufficient to sustain the charging allegations of his Complaint, . . . ." There is nothing in our present record to support such an assertion. On the contrary,

language of a single section, Welfare and Institutions Code section 14124.71, which begins, "(a) When benefits are provided or will be provided to a beneficiary under this chapter because of an injury for which another person is liable, . . . the director shall have a right to recover from such person . . . the reasonable value of benefits so provided. . . ." The court reasoned that "liability" is a term of art which the "law makers ought to know." From this premise it concluded that where, as here, a settlement is entered into without an express admission of fault on the part of the alleged third party tortfeasor, appellant could not recoup the Medi-Cal benefits it had paid to the injured beneficiary unless it assumed the beneficiary's case-in-chief and, in a plenary trial, succeeded in proving the third party's misdeeds actually caused the beneficiary's injuries. In this the court erred.

Although the statutory scheme dealing with third party liability situations (Welf. & Inst. Code, § 14124.70 et seq. [art. 3.5 of the Medi-Cal Act]) has been revamped since its initial adoption in the 1960's, the language which so troubled the trial court is virtually identical to that contained in the statute which preceded section 14124.71. The basic intent of that provision was succinctly stated in an appellate decision written nearly 20 years ago. "When the state Medi-Cal program pays for medical services rendered to an injured person who has a claim for damages for the injury for which he is treated, the state is granted a lien upon the injured person's recovery, whether by judgment or settlement, to the extent of the Medi-Cal benefits it has provided. [Citation.]" (*Neil D. Reid, Inc.* v. *Department of Health Care Services* (1976) 55 Cal.App.3d 418, 420 [127 Cal.Rptr. 685].)

We are in accord with this interpretation, which is entirely consistent with the remaining sections governing third party liability matters. Consequently, if appellant is able to establish at trial the pivotal allegations set forth in its complaint, then it will be entitled to have its lien satisfied, subject to the limitations set forth in article 3.5.[2]

Having concluded the judgment cannot stand, we obviously are not inclined to entertain respondent's request that we impose sanctions on appellant for prosecuting a frivolous appeal. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a).)

---

the notice of ruling makes clear that the sole reason for granting the motion was the court's belief regarding appellant's burden of proof.

[2]Evidence Code section 500 does not compel a contrary conclusion. It merely specifies that, "[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or non-existence of which is essential to the claim for relief or defense that he is asserting." It does not purport to define what elements are essential in any given case.

The judgment is reversed and the cause is remanded for trial. Appellant shall recover its costs on appeal.

Boren, P. J., and Nott, J., concurred.

A petition for a rehearing was denied November 23, 1993.