[No. B143552. Second Dist., Div. Five. Aug. 16, 2001.]

DIANA M. BONTA´, as Director, etc., Plaintiff and Appellant, v. NATHANIEL J. FRIEDMAN et al., Defendants and Respondents.

COUNSEL

Bill Lockyer, Attorney General, John H. Sanders, Tammy Chung Ryu, Sandra L. Goldsmith and Richard T. Waldow, Deputy Attorneys General, for Plaintiff and Appellant.

Nathaniel J. Friedman, in pro. per., and for Defendants and Respondents.

## OPINION

ARMSTRONG, J.—This is an action under Welfare and Institutions Code[1] section 14124.70 et seq. Under that statutory scheme, "[w]hen benefits are . . . provided to a beneficiary . . . because of an injury for which another person is liable . . . the director [of the Department of Health Services] shall have a right to recover from such person . . . the reasonable value of benefits so provided." (§ 14124.71, subd. (a).) The statutory scheme also provides that the Director of the Department of Health Services (Director)

---

[1] All further statutory references are to that code unless otherwise indicated.

has a direct right of action, assertable as a lien against judgment or settlement proceeds, for recovery of monies spent to treat indigent tort victims. (§§ 14124.74, 14124.78; *Wright v. Department of Benefit Payments* (1979) 90 Cal.App.3d 446, 452-453 [153 Cal.Rptr. 474].)

Here, the Director, appellant Diana M. Bonta´, sought to recover from respondents Nathaniel J. Friedman and the Law Offices of Nathaniel J. Friedman the sum of $16,258, which the Department of Health Services (Department), through the Medi-Cal program, paid for the medical care of Keyna Day (Day). Respondents represented Day in a malpractice action which was partially settled in the amount of $825,000.[2] Respondents demurred on the ground that Day had not suffered an "injury" under the statute, but a birth defect, spina bifida. The trial court agreed and granted the demurrer without leave to amend. Judgment was entered for respondents. We reverse.

## FACTS

The Director's complaint brought causes of action for violation of statute, unjust enrichment, fraud, and breach of fiduciary duty. Factually,[3] the complaint alleged that Day was born on June 7, 1990, with multiple birth defects and that the Department, through the Medi-Cal program, paid $16,258 for her medical care. Since respondent Friedman had advised the Department that he represented Day in a malpractice action for damages, the Director sent him a notice of lien. In 1997, after learning that the malpractice action had been partially settled, the Director demanded payment of $16,258 for the sums paid for Day's medical care. Respondent refused.

Copies of the Day malpractice complaint and the stipulation regarding good faith settlement were attached to the complaint, as was the notice of lien and a statement of the amounts paid by Medi-Cal, which included payment for prescription drugs, medical equipment, and physical therapy.

The malpractice action, in which Day was the plaintiff, brought causes of action for wrongful life and spoliation of evidence against Beaver Medical Clinic and Joseph Mayo, M.D. It alleged that Day's mother, Glinda Day, was a patient at the Medical Clinic and that the clinic and Dr. Mayo diagnosed a pregnant Glinda Day with rubella, but did not inform her of the "virtual certainty" that Day would be born with birth defects. The complaint also alleged that Day was born with "multiple systemic abnormalities including, but not limited to, neurological damage, hearing loss, and cerebral

---

[2] The Department also sued Day, who apparently defaulted.

[3] On this review of a demurrer, we accept the allegations of the complaint as true. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

palsy," and that as a result of the defendants' negligence or wrongful conduct she would incur medical expenses and custodial care throughout her life. Day sought damages for past and future medical expenses and custodial care, and for a lifetime of impaired earning capacity.

The stipulation regarding good faith settlement reveals that the settlement was with Dr. Mayo, in the amount of $825,000. It is signed by respondents, Day's representatives, and representatives for Dr. Mayo and for the clinic.

Respondents demurred to the Director's complaint. On the causes of action for violation of statute and unjust enrichment, they contended that section 14124.70 et seq. did not apply, since Day had not suffered an injury, but rather a birth defect. Respondents demurred to the cause of action for fraud on the ground that no claim was stated, and demurred to the cause of action for breach of fiduciary duty on the ground that there was no such duty.

The trial court took judicial notice of the underlying complaint and sustained the demurrer, finding that the Legislature did not intend to include a wrongful life award within the scope of section 14124.70 et seq. The case was dismissed as to all defendants.

### DISCUSSION

We may first speedily dispense with respondents' argument that this case is moot, since the Director "probably" obtained a default judgment against Day and levied on the judgment. There is no support in the record for the allegation, and the allegation itself can hardly render this appeal moot.

We now turn to the substance. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879 [6 Cal.Rptr.2d 151]) and find that the trial court erred in its interpretation of section 14124.71. In interpreting a statute, we use the ordinary commonsense meaning of words, given "the evident purpose for which the statute was adopted." (*In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].) In ordinary use, "injury" means "harm done or sustained" (Random House College Dict. (rev. ed. 1975)), "an act that damages, harms, or hurts" or "a violation of another's rights for which the law allows an action to recover damages or specific property or both." (Webster's 3d New Internat. Dict. (1981) p. 1164.) Black's Law Dictionary (7th ed. 1999) page 789 defines "injury" as "The violation of another's legal right, for which the law provides a remedy; a wrong or injustice." Further, when we

read the statute as a whole (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323]), we learn that the injury referred to must be one for which the Department will provide benefits.

The evident purpose of the statute is clear. "The basic intent of [section 14124.71] was succinctly stated in an appellate decision written nearly 20 years ago. 'When the state Medi-Cal program pays for medical services rendered to an injured person who has a claim for damages for the injury for which he is treated, the state is granted a lien upon the injured person's recovery, whether by judgment or settlement, to the extent of the Medi-Cal benefits it has provided. [Citation.]' (*Neil D. Reid, Inc.* v. *Department of Health Care Services* (1976) 55 Cal.App.3d 418, 420 [127 Cal.Rptr. 685].)" (*Kizer v. Hirata* (1993) 20 Cal.App.4th 841, 844 [25 Cal.Rptr.2d 19].)

We thus find that the statutory phrase "an injury for which another person is liable," (§ 14124.71, subd. (a)) means some harm to a person, for which the Department will provide benefits, and for which legal recompense can be sought. It is manifest that Day's injuries here were such injuries. She was "damaged, harmed, and hurt" in a manner which entitled her to Medi-Cal benefits. And, as established by the settlement, another person paid damages for that harm.

Respondents argue that Day did not suffer an injury, citing *Turpin v. Sortini* (1982) 31 Cal.3d 220 [182 Cal.Rptr. 337, 643 P.2d 954]. We see nothing in that case which supports the argument. In *Turpin*, our Supreme Court considered California law on wrongful life causes of action and determined that "while a plaintiff-child in a wrongful life action may not recover general damages for being born impaired as opposed to not being born at all, the child—like his or her parents—may recover special damages for the extraordinary expenses necessary to treat the hereditary ailment." (*Id.* at p. 239.) *Turpin* reasoned that general damages could not be recovered in such a case because it would be impossible to determine whether a child in fact suffered an injury through being born impaired, rather than not being born at all, and impossible to determine the amount of those damages. Respondents seem to draw from this a holding that a child born with a defect has not suffered an injury. *Turpin* does not so hold. To the contrary, the case holds that such a child *has* suffered an injury and may recover special damages. Under that authority, Day sought and recovered such damages here.

Respondents also argue that the Day malpractice action did not seek compensation for an injury, but for the defendants' failure to advise Day's

mother of the consequences of her illness, that is, for the negligent act of a healthcare provider. This is a meaningless distinction. The Day malpractice complaint alleged that the negligent acts of the defendants caused injury to Day. It could hardly have alleged anything else.

Equally without import is respondents' attempt to draw a distinction between this case and a case in which injury is the result of a car accident—in which case respondents agree that section 14124.70 et seq. apply. The cases are the same, insofar as they involve injury caused by the negligent acts of another. In either case, if the Department provides benefits for the tort victim's medical care, the Director has the right to recover the reasonable value of those sums expended if "another person is liable." (§ 14124.71, subd. (a).)

Finally, at respondents' request, we have read and considered *Kain v. State Dept. of Health Services* (2001) 91 Cal.App.4th 325 [109 Cal.Rptr.2d 891], filed on August 2, 2001, after the close of briefing in this case. That case held that an award under the National Vaccine Injury Compensation Program (42 U.S.C.A. § 300aa-1 et seq.) is a judgment from which a Medi-Cal lien under section 14124.70 et seq. may be recovered. We see nothing in the opinion which supports respondents' argument that the case supports the theory that Day was not injured. Further, contrary to respondents' argument, we see nothing in the opinion which holds that the Director should have sought reimbursement from Day, not her lawyers.

The Director's complaint also included causes of action for fraud and for breach of fiduciary duty. In the fraud cause of action, the Director alleged that respondents intentionally concealed the settlement of the Day lawsuit and the disbursement of funds with the intent to deprive the Director of the opportunity to satisfy the lien. Respondents argued that the complaint did not state the elements of fraud, in that it did not allege actual reliance. Leave to amend should have been granted to cure any such defect.

In the cause of action for breach of fiduciary duty, the Director cited Business and Professions Code section 6068, subdivisions (a) and (c). That statute holds that "It is the duty of an attorney to do all of the following: (a) To support the Constitution and laws of the United States and of this state. [¶] . . . [¶] (c) To counsel or maintain those actions, proceedings, or defenses only as appear to him or her legal or just . . . ." The complaint alleged that respondents breached those duties by misleading the Director about the existence of a settlement and by disbursing settlement funds without giving the Director an opportunity to satisfy the lien. We agree that these allegations do not state a cause of action for breach of fiduciary duty,

since the cited statutes do not establish that respondents owed a fiduciary duty to the Director.

However, " '[w]here a demurrer is sustained . . . as to the original complaint, denial of leave to amend constitutes an abuse of discretion if the pleading does not show on its face that it is incapable of amendment. [Citation.]' [Citation.]" (*Gami v. Mullikin Medical Center* (1993) 18 Cal.App.4th 870, 877 [22 Cal.Rptr.2d 819].) We cannot say that this complaint shows that it is incapable of amendment. Thus, leave to amend should have been granted.

## DISPOSITION

The judgment is reversed. Appellant to recover costs on appeal.

Grignon, Acting P. J., and Willhite, J.,* concurred.

A petition for a rehearing was denied September 5, 2001.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.